

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

May 7, 1976

Mr. O. W. McStay                    Opinion No. H-818
Executive Secretary
State Board of Barber Examiners     Re: Expiration dates for
512 Sam Houston State Office Bldg.  barbering specialty
Austin, Texas  78701                licenses, and related
                                    matters.

Dear Mr. McStay:

    You have asked about several new or altered provisions
of the Texas Barber Law, article 8407a, V.T.C.S.  Your
letter reads:

> We . . . ask that you give us your
> opinion on the following questions:
>
> 1.  Article 8407a, Section 3, Sub-
> section (f).  We renewed these shop
> permits in 1975, for $7.00.  Can we
> renew these permits in July, 1976,
> for one year for $12.50?
>
> 2.  Sections 15, 16, 17, 18, and
> 18.1, which pertains to Specialty
> Licenses.  The Statute fails to
> specify the length of time and
> expiration dates for these licenses.
> How can these dates be determined?

Article 8407a, section 3(f), reads:

> To continue operating a barber shop, a
> person must renew the permit issued to
> his shop by paying a renewal fee of $25.
> All permits expire on July 1 of odd numbered
> years.

Prior to 1975, shop permits were renewed annually for a fee of seven dollars. The 64th Legislature, in 1975, amended the section 3(f) provision to read as it is quoted above. In doing so, the Legislature clearly intended that barber shop permits regularly be issued on a biennial basis, renewable in odd numbered years. Although section 20b of the statute permits the board, by rule, to adopt a system under which the registration certificates of individual barbers expire on various dates during the year, no similar flexibility is permitted with respect to barber shop permits. They expire on July 1 of odd numbered years.

The Texas Barber Law provides for the proration of the fees charged for the renewal of various certificates under certain circumstances, but it does not specifically provide for the proration of fees for barber shop permits. See V.T.C.S. art. 8407a §§ 9(b), 20, 20a, 20b, 23. In the absence of a provision allowing proration for shops, the Board of Barber Examiners must charge the full $25 renewal fee, and not merely $12.50, for the renewal of a barber shop permit. We think this is required even though the permits must be renewed again on July 1, 1977. Attorney General Opinions M-1107 (1972), M-580 (1970). See also Attorney General Opinions M-1239 (1972), M-1168 (1972). Therefore, we answer your first question in the negative.

The "specialty licenses" to which your second question refers are the manicurist license, the wig specialist license, the wig instructor license, the wig salon license, and the wig school license. It is clear that the Legislature did not intend to apply the regular "Class A barber" and "[full service] barber shop" fees to persons holding such limited licenses. It made special license fees applicable to them, and it specified no expiration dates for the licenses to be granted or any renewal fees for them.

Fee statutes are strictly construed. Attorney General Opinions H-443 (1974), V-957 (1949). We conclude in answer to your second question that such licenses, once issued, have no fixed expiration date. Their duration is subject to termination or modification by the Legislature, but not by the Board of Barber Examiners if the holders thereof otherwise comply with the Act. See Bloom v. Texas State Board of Examiners of Psychologists, 492 S.W.2d 460 (Tex.Sup. 1973).

The Legislature may have intended to permit proration of fees and to provide for an expiration date and fee for specialty licenses. However, there is no language in the Act which would permit this conclusion. In the absence of statutory language, we are not at liberty to construct such provisions.

## S U M M A R Y

Under the Texas Barber Law, article 8407a, V.T.C.S., the renewal fee for barber shop permits cannot be prorated. The specialty licenses issued pursuant to that article have no fixed expiration date, but the durations of such licenses are subject to termination or modification by the Legislature.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jwb